**Elder Mae West KELLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–87–049 CR.**

Court of Appeals of Texas, Beaumont.

Jan. 13, 1988.

Discretionary Review Refused April 6, 1988.

Michael A. McDougal, Conroe, for appellant.

J. Lynn Martin, Asst. Dist. Atty., Conroe, for appellee.

### OPINION

BROOKSHIRE, Justice.

Appeal from the revocation of probation. The probationer's single point of error is that the evidence is insufficient to support the trial court's ruling that her probation should be, and was, revoked. The probationer argued that she was unable to pay certain restitution payments. She also argues that her failure to pay was not intentional.

The probationer's 10–year probated sentence for the offense of theft was revoked. However, the sentence was reformed by the trial judge. It was reduced to 7 years from 10 years.

As a condition of Kelley's probation, she was ordered to pay $60,000 in restitution, originally at the rate of $500 per month. This condition was petitioned for by Kelley. Later on, these monthly payments were lowered to the sum of $200 per month.

**346**

The motion to revoke the probation alleged that Appellant-probationer had violated a condition of her probation by failing to pay restitution payments at the rate of $200 per month for the months of September, 1986; October, 1986, and November, 1986.

Relevant *TEX.CODE CRIM.PROC. ANN. Art. 42.14, Sec. 8(c)* (Vernon Supp. 1988), provides:

"(c) In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay ... restitution ... the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence."

There was ample evidence and testimony, of probative force, to the effect that the family income for a very considerable number of months was $1,952 per month and that the probationer had a great amount of control over how this monthly income was spent or disbursed.

There was a time, prior to the last hearing to revoke probation, that Appellant's figures of her monthly income totaled approximately $1,316 while, at the same time, the monthly expenses totaled only about $721, or $1,221 if the original $500 restitution payment was included. During this period of time, the Appellant had arranged to live in a less expensive manner since she and her husband and her child were living with her mother. The Appellant also reported, in August, 1985, that she had obtained part-time employment of 3 days a week and that she had a net take-home pay of $144 per week amounting to approximately $576 per month. Later, the family moved.

■ Hence, they were living under a more expensive arrangement. This move, however, was not forced or involuntary. The probationer has the duty and burden to go forward and, by credible proof, discharge her burden of showing her inability to pay by a preponderance of the evidence, coupled with the burden of persuasion, on the issue of inability to pay. *Stanfield v. State,* 718 S.W.2d 734 (Tex.Crim.App.1986).

■ We determine that the record demonstrates that the figures, statements and accounting given by the probationer in the February, 1987, hearing did not have to be followed by the District Judge. There had been several earlier hearings wherein the probationer had had different excuses for various non-payment of the restitution installments. From statements read into the record, by the trial judge, it is apparent that the Appellant had voluntarily left and abandoned her previous living arrangements where her expenses were much lower. The Appellant and her family, after the move, had an increase in expenses of over $700 per month. There, inter alia, is probative evidence to sustain this implied finding by the trial judge. Since the Appellant failed to meet her burden of proving inability to pay, such failures to pay were some evidence of her intentions.

We have a brief Statement of Facts before us. It is obvious, from this record, that there had been several hearings prior to the last one. We easily ascertain that the trial judge considered the entire record before him, including the evidence given at prior hearings, which are not before us.

In his pronouncements from the bench, the District Judge stated, in substance, that in March, 1983, the Appellant-probationer had pleaded guilty to the offenses of forgery and, also, of embezzeling $60,000 from her employer, a construction company. At that time, the probationer had received a sentence of 10 years in the Texas Department of Corrections. The probationer was not granted probation at the time of the sentencing.

Later, a subsequent application for probation, under the shock probation provisions of the Code of Criminal Procedure, was filed by Kelley. At that time, the Appellant-probationer assured the trial court that she could pay $500 per month on restitution. Testimony was heard at that time and it was then that probation was granted. Next, the court concluded that the Appellant had simply not made good-faith efforts to live up to that application for shock probation. The trial court stated

that the probationer's priorities did not agree with the court's administration of the probated sentence. Upon the record, the trial court found that Kelley was capable of making a restitution of $200 per month.

We conclude that there was sufficient evidence of probative force, in the record before us, to support the trial court's ruling and finding that this Appellant was able to pay the restitution payments, as reduced, and that her failure to pay several of them was intentional. Under this record, there is certainly no abuse of discretion by the District Judge. The court, in *Stanfield, supra,* in relevant part, wrote, at page 738:

"Casting inability to pay as an affirmative defense to failure to pay means that ability to pay is considered a factor relevant to the element of intent ... It is axiomatic that facts and circumstances attending a given act or omission may reveal intent. One who has the ability to pay that which he is required to pay but does not, without more, *leaves a factfinder with a strong inference that his failure is intentional. ...*" (Emphasis added)

The probationer has the definite burden of producing evidence of probative force, to the mind of the factfinder, as well as the burden and duty of persuasion on the issue of inability to pay. It is axiomatic, of course, that the factfinder does not have to believe all, or any part, of the testimony of a witness, especially an interested witness. *Stanfield, supra.*

The State no longer is charged with the burden of demonstrating, affirmatively, that the probationer had the financial ability to make restitution payments. The probationer and her husband were both employed, showing a monthly income of in excess of $1,900 and, under all surrounding facts and circumstances, the trial judge was well within his rights, duties and prerogatives to find, as he did, that she could have paid $200 per month towards restitution. This, she failed to do and she failed to do it for 3 months. The District Judge could reasonably infer, from the entire record before us, that the failure was intentional.

We determine that the probationer failed in her duty and burden to show, by credible evidence and by a preponderance of the evidence, that she was unable to pay and we conclude that the trial court was correct in so finding and, further, that from the entire record before us and from the facts and circumstances surrounding the probationer's action, her failure to pay restitution was intentional.

The sentence and judgment of the court below is affirmed.

But a separate, independent basis of affirming the revocation exists. It is clear that the judge conducted several hearings before the last one. We do not have the Statement Facts on the prior hearings. The trial judge had a right to consider all of the record before him. We do not have, on appeal, the entire record. Hence, we should not reverse his actions and we decline to do so.

AFFIRMED.